GORMAN, d. b. a. KITTY KAT KLUB, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4779.   Decided February 16, 1953.

Paul F. Ward, Columbus, for appellant.

C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court affirming the action of the Board of Liquor Control suspending for thirty days appellant's Class D-5 permit.

The charge against the appellant was that on May 26, 1951, at or about 2:58 A. M. she allowed beer and whiskey to be consumed on her permit premises in violation of the provisions of the Liquor Control Act and the Regulations of the Board of Liquor Control.

The specific Regulation involved is 49 of the Board of Liquor Control which provides in so far as applicable:

"No beer or intoxicating liquor shall be sold or be permitted to be consumed on weekdays on the premises of a D-3a or D-5 permit holder between the hours of 2:30 A. M. and 5:30 A. M."

Three errors are assigned. First, that the order of the Board of Liquor Control is against the manifest weight of the evidence. Second, that Regulation 49 of the Board of Liquor Control is unreasonable, and contrary to law; and the third, that the judgment is contrary to law.

There is direct conflict in the testimony on behalf of appellees and appellant but the Board had discretionary right to determine the credibility of the witnesses. It is asserted that there is conflict and variation between the two witnesses who testified in support of the charges, in that, Investigator Kopan said that he did not see any patrons drinking after he entered the permit premises, but Investigator Cmich testified, that he observed five men at the bar drinking and two couples at a table near the bar consuming drinks after he had entered the premises. This is not conflicting testimony. Investigator Kopan made the observation to which he testified from the outside of the premises while looking through a window. His testimony and that of Investigator Cmich was identical upon the material question. The fact that Investi-

gator Kopan did not see drinking after he entered the premises did not contradict the testimony of Investigator Cmich that patrons were indulging in drinking after the entrance into the permit premises.

The second assignment of error is that Regulation 49 is so unreasonable that it should not be enforced and that the promulgation of the Regulation is beyond the power or authority of the Board.

We are satisfied that under the provisions of §6064-3 GC, the rule is well within the authority therein delegated.

But it is insisted that to require that there be no sale of beer or intoxicating liquors in a night club between the hours of 2:30 A. M. and 5:30 A. M. coupled with the requirement that such liquor shall not be consumed between those hours is unreasonable because of the provisions of §6064-21 GC, which prohibits a permittee of a night club to permit a purchaser to remove intoxicating liquor from the premises. That the enforcement of the rule in conjunction with the law would permit a sale of liquor up to 2:30 A. M. in which event the purchaser would have no time whatever in which to consume the drink.

It should be noted, that the case which is thus presented is not the case which was before the Board nor that is before us on this appeal. Whether or not such a situation as argued would make the law unreasonable and arbitrary, we need not discuss. The question is: is the rule in the light of the facts here developed so unreasonable and arbitrary as that it should be declared to be illegal? We think not. The consumption under consideration here occurred by nine patrons at least 28 minutes after the time when the last sale could have been regularly made. Certainly it could not be urged that any patron who purchased his drink before 2:30 A. M. should not be required to consume it within 28 minutes after it is purchased.

Wide latitude must be accorded to the Board to make regulations which will effectuate the broad purpose and intent of the Liquor Control Act. If there may be no restriction placed upon the time when liquor lawfully sold may be consumed a manifest purpose to control trafficking in liquors would be defeated.

We are satisfied that Rule 49, as involved on the charge here under consideration is valid and enforceable.

We find no assignment of errors well made.

The judgment must be affirmed.

WISEMAN, PJ, MILLER, J, concur.